## No. 3215.—L. BLOOM v. T. F. DIXON.

In the sale of a house and lot, the vendee took a special mortgage on a tract of land belonging to the vendor, to secure himself against a mortgage of a third party standing against the house and lot. The vendee was subsequently compelled to pay the mortgage against the house and lot. He afterward brought suit against the vendor on the special mortgage, to reimburse himself for the outstanding mortgage on the house and lot which he had been compelled to pay. On trial of this suit it was shown that the whole transaction was based on an illicit paper currency commonly called Confederate money.

Held—That the contract having no legal foundation to rest upon, could not be enforced by the courts.

APPEAL from the Fifth Judicial District, parish of East Feliciana. *Posey, J. Breaux & Fenner*, for plaintiff and appellee. *Kernan & Lyons* and *Charles McVea* and *Cross & Hardee*, for defendant and appellant.

This case was tried by a jury in the court below.

TALIAFERRO, J. The defendant sold to the plaintiff, on the tenth of October, 1863, a house and lot in the town of Jackson, Louisiana, for $8000. Dixon, the vendor, obligated himself to pay two notes of

34

$1000 each given by Kinear, the vendor of Dixon, to Mrs. Hagerman, from whom Kinear purchased the same property. There was a mortgage on the property to secure the payment of these notes. Dixon in his contract with Bloom executed his own obligation in favor of Bloom for $2080, and secured the payment of it by a mortgage on three hundred and ten acres of land. This was done to secure Bloom against the outstanding mortgage against the property in favor of Mrs. Hagerman. It seems that Dixon paid one of these notes; but the other being unpaid, Mrs. Hagerman proceeded under her mortgage to have the property seized and sold. It was purchased by Bloom, and for the payment of the debt he entered into a twelve months' bond. He then sued Dixon in the present action upon the obligation in favor of Mrs. Hagerman, which he was forced to take up, and prays that the tract of land mortgaged to him as an indemnity be sold to pay the indebtedness incurred by the failure of Dixon to relieve the property sold by him to Bloom from the aforesaid mortgage in favor of Mrs. Hagerman.

The defense is want of consideration and illegality in the contract. In the court below the plaintiff had judgment in his favor, and the defendant has appealed.

It is clear that the transaction was illegal, the price having been paid in an illicit paper money, usually called Confederate money. The defendant swears that he never received anything from the plaintiff or any one else for the property but Confederate money; that the sale and the mortgage to Bloom were made the same day and form one transaction. The witness Reinberg saw the money paid by Bloom to Dixon, and says it was all Confederate money.

The plea of prescription it is not necessary to examine.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that there be judgment in favor of the defendant, and that the suit be dismissed at plaintiff's costs.

---

ON APPLICATION FOR REHEARING.

TALIAFERRO, J. Bloom was not subrogated to the rights of Mrs. Hagerman in the note of Kinear, upon which she proceeded to foreclose the mortgage given to secure its payment. Bloom did not pay this note, but permitted the property mortgaged to be sold, and became the purchaser. The note was extinguished by the sale. Bloom was without recourse upon Dixon, because the mortgage given by him on the tract of land in favor of Bloom was for an illegal consideration, and therefore null.

Rehearing refused.